IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
May 12, 2015 Session

## STATE OF TENNESSEE v. DENNIS LEE ARNOLD

**Appeal from the Criminal Court for Davidson County
No. 2011-D-3695          J. Randall Wyatt, Jr., Judge**

**No. M2014-01133-CCA-R3-CD – Filed September 1, 2015**

JAMES CURWOOD WITT, JR., J., concurring.

I write separately to highlight the trial court's copious references to "completing the story of the crime" as a basis for allowing testimony that was challenged pursuant to Tennessee Rule of Evidence 404(b).

The rule is one of exclusion of character evidence but provides that evidence otherwise embraced by the rule may be admissible when offered for purposes other than to suggest that the defendant acted "in conformity with the character trait." Tenn. R. Evid. 404(b). The comments to the rule include a listing of such other purposes: "issues such as identity, (including motive and common scheme or plan), intent, or rebuttal of accident or mistake." Tenn. R. Evid. 404 Advisory Comm'n Comments. Our supreme court has added to the list

> contextual background evidence, which contains proof of other crimes, wrongs, or acts, may be offered as an "other purpose" under Rule 404(b) when exclusion of that evidence would create a chronological or conceptual void in the presentation of the case and that void would likely result in significant jury confusion concerning the material issues or evidence in the case.

*State v. Gilliland*, 22 S.W.3d 266, 272 (Tenn. 2000). The supreme court cautioned, however, that

when the state seeks to offer evidence of other crimes, wrongs, or acts that is relevant only to provide a contextual background for the case, the state must establish, and the trial court must find, that (1) the absence of the evidence would create a chronological or conceptual void in the state's presentation of its case; (2) the void created by the absence of the evidence would likely result in significant jury confusion as to the material issues or evidence in the case;  and (3) the probative value of the evidence is not outweighed by the danger of unfair prejudice.

*Id.*  Given this admonitory explanation of the use of "contextual background" evidence, one can see that the use of such evidence is more narrow and limited than the use of character evidence for "completing the story of the crime."

The "completing the story of the crime" formulation harkens back to the pre-rule "*res gestae*" rationale for admitting a broad range of anecdotal evidence that often bespoke the defendant's unsavory character.

Although I concur that the trial court in the present case did not abuse its discretion in admitting the evidence in question based upon the other rationales given, the use of this evidence transmogrified the trial, on the sheer basis of the volume of testimony, into commentary about the defendant's inclinations toward child abuse, alcoholism, arson, vandalism, and emotional instability.  Broad theories for admitting anecdotal character evidence tend to foster the hijacking of trials away from the material issues at hand.  Perhaps it is time for prosecutors and trial courts to abandon the catch-all formulation of admitting evidence to tell the story of the crime.

JAMES CURWOOD WITT, JR, JUDGE